**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

---

**BELAIR ELECTRONICS, INC.,**

                **Plaintiff,**

   v.

**VELVET CAVIAR GROUP INC,**

                **Defendant.**

**COMPLAINT FOR PATENT INFRINGEMENT**

**2:21-cv-03842**

**JURY TRIAL DEMANDED**

---

Plaintiff BelAir Electronics, Inc. complains of Defendant Velvet Caviar Group Inc as follows, all upon Plaintiff's best information and belief:

## NATURE OF LAWSUIT

1. This is a claim for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.

## THE PARTIES

2. Plaintiff BelAir Electronics, Inc. ("BelAir" or "Plaintiff") is an Illinois corporation with its principal place of business at 5723 Antler Lane, Westmont, Illinois 60559.

3. BelAir is the named assignee of, owns all right, title and interest in, and has standing to sue for infringement of United States Patent No. 7,941,195, entitled "Protective Mask of Mobile Phone," which issued on May 10, 2011 (the "'195 Patent") (a true and correct copy is attached as Exhibit A); and United States Patent No. 10,097,676, entitled "Protective Mask of Mobile Phone," which issued on October 9, 2018 (the "'676 Patent") (a true and correct copy is attached as Exhibit B) (collectively, the "Patents-in-Suit").

4. BelAir has the exclusive right to license and enforce the '195 and '676 Patents and to collect all damages for infringement. BelAir also has standing to sue for infringement of the '195 and '676 Patents.

5. Upon information and belief, Defendant Velvet Caviar Group Inc ("Velvet Caviar" or "Defendant") is a domestic New York corporation. Defendant's website and New York Department of State registration give a principal place of business at 5 Brewster Street, Suite 137, Glen Cove, New York 11542. Upon further information and belief, the Brewster Street address is a private mailbox. Upon further information and belief, Defendant's Chief Executive Officer, Michelle Aranbayev (aka Michelle Aran), maintains a residence at 35 West Terrace Road, Great Neck, New York, 11021.

6. In furtherance of Plaintiff's review and analysis prior to filing this action, Plaintiff studied Defendant's publicly-available product literature and, among other things, purchased a "Coffee First iPhone Clear Case" for iPhone 11 Pro Max and a "Blush Leopard Samsung Case" for Galaxy S20 from Defendant's website for assessment as representatives of the products identified in Exhibit C.

7. Defendant primarily advertises and sells Accused Products at https://www.velvetcaviar.com and related urls in the velvetcaviar.com domain.

8. Defendant offers for sale and sells the Accused Products (as further identified below) for mobile devices throughout the United States and this Judicial District.

## JURISDICTION AND VENUE

9. BelAir's claims for patent infringement against Defendant arise under the patent laws of the United States including 35 U.S.C. §§ 271 and 281. Consequently, this Court has original and exclusive subject matter jurisdiction over this Complaint pursuant to 28 U.S.C. §§ 1331 and 1338(a).

10. Defendant owns, operates and conducts business in the state of New York and directs advertisements at residents of New York – which are covered by claims of the Patents-in-Suit – and throughout the United States including New York and this judicial district.

11. Velvet Caviar is a registered New York corporation, currently doing business in this judicial district, has purposefully availed itself of the privilege of conducting business with residents of this judicial district, has purposefully reached out to residents of this judicial district, and has established sufficient minimum contacts with the State of New York such that it should reasonably and fairly anticipate being haled into court in New York.

12. Venue in this judicial district is proper under 28 U.S.C. § 1400(b) because Velvet Caviar resides in this Judicial District.

## THE ACCUSED PRODUCTS

13. Defendant has infringed certain claims of the Patents-in-Suit through the manufacture, sale, offer for sale, advertisement, importation, shipment, distribution, and/or use of Defendant's protective masks for mobile devices (herein referred to as the "Accused Products").

14. As presently advised, the Accused Products include Defendant's "iPhone Cases," "Galaxy Cases," and "Charging Phone Cases" for at least the following mobile devices: iPhone 12, iPhone 12 Pro, iPhone 12 Pro Max, iPhone 12 Mini, iPhone 11 Pro Max, iPhone 11 Pro, iPhone 11, iPhone SE, iPhone Xs Max, iPhone X / Xs, iPhone XR, iPhone 8 Plus, iPhone 8, iPhone 7 Plus, iPhone 7, iPhone 6 Plus, iPhone 6, Galaxy S21, Galaxy S21 Plus, Galaxy S21 Ultra, Galaxy S20, Galaxy S20 Plus, Galaxy S20 Ultra, Galaxy S10, Galaxy S10 Plus, Galaxy S10 E, Galaxy Note 10, Galaxy Note 10 Plus, Galaxy S9, Galaxy S9 Plus, Galaxy Note 9, Galaxy S8, Galaxy S8 Plus, and Galaxy Note 8. (*See* Exhibit C, https://velvetcaviar.com/collections/iphone-cases, https://velvetcaviar.com/collections/samsung-galaxy-cases, and https://velvetcaviar.com/collections/charging-phone-cases, or https://velvetcaviar.com/ and select "Cases" and "Phone" types).

15. As presently advised, the Accused Products include Defendant's cases found at https://velvetcaviar.com/collections/iphone-cases, https://velvetcaviar.com/collections/samsung-

galaxy-cases, and https://velvetcaviar.com/collections/charging-phone-cases, or https://velvetcaviar.com/ and select "Cases" and "Phone" types.

16. The Accused Products, as illustrated below, are those protective masks that are capable of being coupled to a portion of a mobile device so that the mobile device will not fall out of the protective mask. The Accused Products are those protective masks that comprise a flange(s) or retainer(s) (as recited in the asserted claims, *infra*). The Accused Products also may use flange(s) or retainer(s) in conjunction with substantial surface to surface contact by the inner surface of the protective mask which conforms to the contour of the outer surface of the mobile phone, working together to provide non-permanent, temporary protection to the mobile phone. While not required by all asserted claims, the Accused Products are protective masks that include openings to allow access to the interface as well as inputs and outputs. *See* https://velvetcaviar.com/collections/iphone-cases, https://velvetcaviar.com/collections/samsung-galaxy-cases, and https://velvetcaviar.com/collections/charging-phone-cases, or https://velvetcaviar.com/ and select "Cases" and "Phone" types.




- 5 -

Coffee First iPhone Clear Case for iPhone 11 Pro Max: https://velvetcaviar.com/collections/iphone-cases/products/coffee-please-iphone-clear-case?variant=17583655747630 (*See* Exhibit C and pictures of representative products).



Blush Leopard Samsung Case for Galaxy S20: https://velvetcaviar.com/collections/samsung-galaxy-cases/products/blush-leopard-samsung-case?variant=39315768016942 (*See* Exhibit C and pictures of representative products).

 

Blush Leopard ReCharge™ Case for iPhone 11 Pro Max: https://velvetcaviar.com/collections/charging-phone-cases/products/blush-cheetah-charging-iphone-case?variant=39259906801710 (*See* Exhibit C and pictures of representative products).

17. While not required by all asserted claims, the Accused Products are protective masks that include openings to allow access to the interface as well as inputs and outputs. Further, while not required by all asserted claims, many of the Accused Products are protective masks. *See* https://velvetcaviar.com/collections/iphone-cases, https://velvetcaviar.com/collections/samsung-galaxy-cases, and https://velvetcaviar.com/collections/charging-phone-cases, or https://velvetcaviar.com/ and select "Cases" and "Phone" types.

18. The Accused Products subject to this Complaint include all substantively similar products and any predecessor and/or successor versions that satisfy each limitation of, and therefore infringe, any asserted claim of the Patents-in-Suit whether sold directly or via other online marketplaces or brick and mortar retail stores.

19. After adequate discovery, BelAir may seek leave to amend this Complaint to include additional details of infringement, if any, by other products hereafter discovered to infringe the Patents-in-Suit.

**COUNT I: INFRINGEMENT OF UNITED STATES PATENT NO. 7,941,195**

20. Plaintiff BelAir realleges and incorporates by reference paragraphs 1 through 19, inclusive, as though fully set forth herein.

21. Defendant directly infringes at least independent claim 9 of the '195 Patent.

**CLAIM 9**

22. The Accused Products, as manufactured, sold, offered for sale, advertised, imported, shipped, distributed, and/or used by Defendant, comprise a protective mask adapted to be coupled to an exterior housing of a mobile phone having internal components including circuitry and a battery, which are covered by the exterior housing, in accordance with the limitations of claim 9 of the '195 Patent.

23. Specifically, the Accused Products comprise:

   a. a first mask portion, molded to conform to the shape of a first portion of the exterior housing of the mobile phone; and

   b. the first mask portion having flanges to allow the first mask portion to be coupled to the mobile phone to retain the first mask portion to the first portion of the exterior housing so that the first mask portion covers the first portion of the exterior housing of the mobile phone.

24. To the extent required by law, BelAir has complied with the provisions of 35 U.S.C. § 287.

25. Defendant had notice of the '195 Patent and the likelihood of infringement thereof at least as early as June 10, 2021 pursuant to email correspondence from BelAir to Defendant via its Founder and CEO.

26. Defendant's direct infringement as described above, either literally or under the doctrine of equivalents, has injured BelAir and BelAir is entitled to recover damages adequate to compensate it for such infringement, but in no event less than a reasonable royalty.

**COUNT II: INFRINGEMENT OF UNITED STATES PATENT NO. 10,097,676**

27. Plaintiff BelAir realleges and incorporates by reference paragraphs 1 through 19, inclusive, as though fully set forth herein.

28. Defendant directly infringes at least independent claims 1, 5, 8, and 9 of the '676 Patent.

**CLAIM 1**

29. The Accused Products, as manufactured, sold, offered for sale, advertised, imported, shipped, distributed, and/or used by Defendant, comprise a protective mask molded for frictional retention to an exterior housing of a mobile phone having user input and output interfaces, and internal components including circuitry and a battery, wherein the exterior housing completely encloses the circuitry and the battery when the mobile phone is fully assembled and ready for use, the exterior housing having an exterior shape formed by a back surface, and at least portions of opposed side surfaces, in accordance with the limitations of claim 1 of the '676 Patent.

30. Specifically, the Accused Products comprise:

    a. an integrally-formed mask body molded and contoured to conform and frictionally-fit tightly against the exterior shape of the exterior housing;

    b. an inner surface of the integrally-formed mask body defining an interior space of the integrally-formed mask body and conforming to and in

        substantially continuous surface-to-surface contact with the exterior shape of the exterior housing, with no substantial space between the inner surface of the integrally-formed mask body and the exterior shape of the exterior housing;

   c.   at least one opening defined by the integrally-formed mask body permitting user access to at least the user input and output interfaces; and

   d.   at least one retainer having an extension protruding laterally inward from the integrally-formed mask body and toward and into the integrally-formed mask body interior space, wherein the at least one retainer is retained to the exterior housing at an exterior housing edge when the mask is coupled to the mobile communication device, the at least one retainer participating in retaining the integrally-formed mask body to the mobile communication device.

31. As presently advised, one or more Accused Products also likely satisfy the limitations of, and infringe, dependent claims 2, 3 and 4 of the '676 Patent.

**CLAIM 5**

32. The Accused Products, as manufactured, sold, offered for sale, advertised, imported, shipped, distributed, and/or used by Defendant, comprise a protective mask molded for frictional retention to an exterior housing of, and adapted to be coupled to, a mobile communication device having internal components including circuitry and a battery, wherein the exterior housing completely encloses the circuitry and battery when the mobile communication device is fully assembled and ready for use, and wherein the exterior housing has an exterior shape including a back face and at least portions of opposed side surfaces, in accordance with the limitations of claim 5 of the '676 Patent.

33. Specifically, the Accused Products comprise:

   a. an integrally-formed mask body molded and contoured to conform and frictionally fit to the exterior shape of the exterior housing;

   b. an inner surface of the integrally-formed mask body defining an interior space of the integrally-formed mask body and conforming to and in substantially continuous surface-to-surface contact with the exterior shape of the exterior housing in overlying and protecting relationship, without a substantial gap between the inner surface of the integrally- formed mask body and the exterior shape of the exterior housing, the integrally-formed mask body defining an opening enabling the mask to be placed over the exterior shape in overlying and protecting relationship; and;

   c. at least one retainer having an extension protruding laterally inward from the integrally-formed mask body and toward and into the integrally-formed mask body interior space, wherein the at least one retainer is retained to the exterior housing at an exterior housing edge when the mask is coupled to the mobile communication device, the at least one retainer participating in retaining the integrally-formed mask body to the mobile communication device.

34. As presently advised, one or more Accused Products also likely satisfy the limitations of, and infringe, dependent claims 6 and 7 of the '676 Patent.

**CLAIM 8**

35. The Accused Products, as manufactured, sold, offered for sale, advertised, imported, shipped, distributed, and/or used by Defendant, comprise a mask for attachment to a hand-held mobile phone, the mobile phone having user input and output interfaces, internal

components including circuitry and a battery, and an exterior housing completely enclosing the circuitry and battery when the mobile phone is fully assembled and ready for use, the exterior housing including a first face, a second face and opposed side surfaces there between, in accordance with the limitations of claim 8 of the '676 Patent.

36. Specifically, the Accused Products comprise:

    a. an integrally-formed mask body molded to conform to a shape of the exterior housing;

    b. inner and outer surfaces, the surfaces defining at least one opening in the integrally-formed mask body providing access to at least one of the user input and output interfaces, the integrally-formed mask body being configured such that, when the mask is attached to the mobile phone, the integrally-formed mask body is coextensive with, contours to and overlies the opposed side surfaces, with substantially no space between the mask body and the opposed side surfaces; and

    c. at least one retainer having an extension protruding laterally inward from the integrally-formed mask body and toward and into the integrally-formed mask body interior space, wherein the at least one retainer is retained to the exterior housing at an exterior housing edge when the mask is coupled to the mobile communication device, the at least one retainer participating in retaining the integrally-formed mask body to the mobile communication device.

## CLAIM 9

37. The Accused Products, as manufactured, sold, offered for sale, advertised, imported, shipped, distributed, and/or used by Defendant, comprise a protective mask molded for

frictional retention to an exterior housing of a fully assembled mobile communication device having user input and output interfaces, the mobile communication device further having internal components including circuitry and a battery completely enclosed by the exterior housing, and the exterior housing having an exterior shape formed by a back surface and at least portions of opposed side surfaces, in accordance with the limitations of claim 9 of the '676 Patent.

38. Specifically, the Accused Products comprise:

    a. an inner surface closely conforming to the exterior shape of the exterior housing and in substantially continuous surface-to-surface contact with the exterior shape of the exterior housing, with substantially no space between the inner surface of the protective mask and the exterior shape when the protective mask is retained to the exterior housing, the protective mask being molded, integrally formed, contoured and sized to fit tightly against the exterior shape of the exterior housing, thereby providing retention of the protective mask to the exterior housing;

    b. at least one opening defined by the protective mask permitting user access to at least the user input and output interfaces; and

    c. at least one retainer having an extension protruding laterally inward from the integrally-formed mask body and toward and into the integrally-formed mask body interior space, wherein the at least one retainer is retained to the exterior housing at an exterior housing edge when the mask is coupled to the mobile communication device, the at least one retainer participating in retaining the integrally-formed mask body to the mobile communication device.

39. As presently advised, one or more Accused Products also likely satisfy the limitations of, and infringe, dependent claims 10, 11 and 12 of the '676 Patent.

40. To the extent required by law, BelAir has complied with the provisions of 35 U.S.C. § 287.

41. Defendant had notice of the '676 Patent and the likelihood of infringement thereof at least as early as June 10, 2021 pursuant to email correspondence from BelAir to Defendant via its Founder and CEO.

42. Defendant's direct infringement as described above, either literally or under the doctrine of equivalents, has injured BelAir and BelAir is entitled to recover damages adequate to compensate it for such infringement, but in no event less than a reasonable royalty.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff BelAir Electronics, Inc. respectfully requests this Court to enter judgment against Velvet Caviar Group Inc – and against each of its subsidiaries, successors, parents, affiliates, officers, directors, agents, servants, employees, and all persons in active concert or participation with it – granting the following relief:

A. The entry of judgment in favor of Plaintiff and against Defendant;

B. An award of damages against Defendant adequate to compensate Plaintiff for the infringement that occurred, but in no event less than a reasonable royalty as permitted by 35 U.S.C. § 284, together with prejudgment interest from the date infringement began; and

C. Such other relief to which Plaintiff is entitled under the law and any other and further relief that this Court or a jury may deem just and proper.

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38, Plaintiff demands a trial by jury on all issues presented in this Complaint.

- 14 -

Dated: July 8, 2021　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　*/s/ Timothy J. Haller*
　　　　　　　　　　　　　　　　　　　Timothy J. Haller (NY Bar: 1241728)
　　　　　　　　　　　　　　　　　　　HALLER LAW PLLC
　　　　　　　　　　　　　　　　　　　230 E Delaware Pl, Ste 5E
　　　　　　　　　　　　　　　　　　　Chicago, IL 60611
　　　　　　　　　　　　　　　　　　　Phone: (630) 336-4283
　　　　　　　　　　　　　　　　　　　haller@haller-iplaw.com

　　　　　　　　　　　　　　　　　　　***Attorney for Plaintiff,***
　　　　　　　　　　　　　　　　　　　***BelAir Electronics, Inc.***